**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 3:12-cr-00974-DCN |
| vs. | ) | |
| | ) | |
| JONATHON N. PINSON and ERIC ROBINSON, | ) ) | |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

    This matter is before the court on an evidentiary objection raised by defendant Jonathon Pinson during the course of trial on June 18, 2014. The court overruled the objection from the bench and, at the same time, provided the reasons for its ruling. Nevertheless, to make its reasoning abundantly clear, the court now provides the following written explanation of its ruling.

    The government plans to offer the testimony of several witnesses who travelled with Pinson and others to meet with Florida-based real estate developer and alleged co-conspirator Richard Zahn. Specifically, the government intends to offer testimony that the entire trip – including the group's flight on a private jet, limousine transportation, hotel rooms, meals, and visit to a strip club with wads of five dollar bills for tipping purposes – was financed by Zahn. Pinson did not object to most of this proffered testimony, including testimony that Zahn also paid two strippers $500 in cash. The only portion of the proffered testimony to which Pinson objected is testimony that these two strippers, after receiving Zahn's $500, accompanied Pinson and other group members to a hotel room for a private "show."

Pinson argued that this latter bit of evidence should be excluded on the basis that it is unduly prejudicial to him. The government responded that this evidence, which relates to one of the acts charged in the superseding indictment, is highly probative of the government's theory that Zahn gave improper benefits to Pinson and others in order to facilitate his business interests with South Carolina State University.

Federal Rule of Evidence 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fourth Circuit has

> held that evidence can be excluded for "prejudice," as used in Rule 403, only when the trial judge believes "that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence."

Westfield Ins. Co. v. Harris, 134 F.3d 608, 613 (4th Cir. 1998) (quoting Morgan v. Foretich, 846 F.2d 941, 945 (4th Cir.1988)); United States v. Williams, 445 F.3d 724, 730 (4th Cir. 2006). When "the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996) (affirming district court's ruling that testimony regarding the defendant's sexual misconduct was admissible where he was tried and convicted of filing false tax returns, mail fraud, and other similar offenses); see also United States. v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998) ("It is worth remembering that the touchstone for excluding evidence under Rule 403 is not prejudice, but 'unfair' prejudice. Moreover, unfair prejudice must 'substantially' outweigh the probative value of the evidence.").

2

As in Aramony, the evidence at issue in this case is not the sort of evidence likely to inflame the jury's emotions.  See 88 F.3d at 1378 ("[T]he nature of the evidence here, heterosexual misconduct, could in no way come close to creating the genuine risk of unfair prejudice that was created in [United States v. Ham, 998 F.2d 1247, 1251-52 (4th Cir. 1993)] by the district court's admission of evidence showing the defendant molested children, engaged in homosexual conduct, compared women to dogs, and condoned the physical mistreatment of women.").  While the evidence that two strippers accompanied Pinson and others to a hotel room may be unseemly, it simply does not rise to the level of unfair prejudice contemplated by Rule 403.

For these reasons, the court overruled Pinson's objection.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 19, 2014**
**Charleston, South Carolina**

3