**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>JONATHAN N. PINSON, )<br>)<br>Defendant. )<br>_____ ) | No. 3:12-cr-00974-DCN<br><br><br>**ORDER** |

This matter is before the court on defendant Jonathan N. Pinson's ("Pinson") motion for judgment of acquittal or, in the alternative, for a new trial. For the reasons stated below, the court denies the motion.

On July 3, 2014, a jury convicted Pinson on counts 1, 2, 3, 12, 18, 25-34, 35-41, 43-46, and 48-50 of the second superseding indictment. The jury exonerated Pinson on counts 6-11, 13-17, 19-21, 24, and 47 of the second superseding indictment.[1] Pinson now argues that the court should enter judgment of acquittal because the evidence presented at trial was insufficient to support his convictions. In the alternative, Pinson argues that the court should grant him a new trial.

Federal Rule of Criminal Procedure 29(c) provides that a defendant may move for judgment of acquittal after a guilty verdict, and "the court may set aside the verdict and enter an acquittal." A district court will sustain a guilty verdict when the verdict, viewing the evidence in the light most favorable to the prosecution, is supported by "substantial evidence." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (quotation omitted). The Fourth Circuit has defined "substantial evidence" as

---

[1] The jury acquitted Pinson's co-defendant Eric Robinson on all of the counts with which he had been charged.

1

"evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id.

Federal Rule of Criminal Procedure 33(a) permits a court, upon motion by a defendant, to "vacate any judgment and grant a new trial if the interest of justice so requires." The Fourth Circuit has counseled that "[a] new trial is a drastic remedy intended for the rare case." United States v. Chin, 181 F.3d 92, at *1 (4th Cir. 1999) (table). Indeed, "a district court should exercise its discretion to grant a new trial 'sparingly' and . . . should grant a new trial based on the weight of the evidence 'only when the evidence weighs heavily against the verdict.'" United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997) (quoting United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir. 1985)). A new trial should be granted "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." Arrington, 757 F.2d at 1485.

At trial, the government offered evidence that Pinson participated in a variety of criminal schemes related primarily to his dealings with the Softee Supremes diaper plant in Marion County, South Carolina, the Village at Rivers Edge housing development in Columbia, South Carolina, and South Carolina State University.[2] The court has reviewed all of the evidence presented. When viewed in the light most favorable to the government, the evidence amounts to the "substantial evidence" required to sustain Pinson's convictions. Additionally, the court notes that Pinson's motion for judgment of acquittal relies predominantly on evidence and arguments that were presented to the jury. "The jury was allowed to pass upon the appropriateness of the conduct and evidence before returning a verdict against the defendant." United States v. Erwin, Docket No. 11-

---

[2] Pinson served, for a time, as chairman of S.C. State's board of trustees.

cr-0111-JFA, 2012 WL 3612579, at *2 (D.S.C. Aug. 21, 2012) aff'd, 520 F. App'x 179 (4th Cir. 2013).

Similarly, the court finds that the evidence presented in this case does not weigh so heavily against the verdict that it would be unjust to enter judgment against Pinson.

Accordingly, the court **DENIES** Pinson's motion for judgment of acquittal, or, in the alternative, for a new trial.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 29, 2014**
**Charleston, South Carolina**